IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHANIE SPANN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No: 06-768 |
| ) | |
| PNC BANK, N.A. *et al.*, ) | Hon. Gary L. Lancaster |
| ) | |
| Defendants. ) | |

## STIPULATION AND PROTECTIVE ORDER

Upon agreement of the parties, through their respective counsel, that a Stipulation and Protective Order pursuant to Federal Rule of Civil Procedure 26(c) is desirable, and subject to the approval of the Court,

**IT IS HEREBY AGREED AND ORDERED:**

(1) **Definitions:** For purposes of this Protective Order, the following capitalized terms shall have the meanings as indicated:

(a) "Counsel" shall mean the law firms who are counsel of record for the respective parties in this matter, including their regularly employed staff who are authorized to receive information in connection with their work relating to this matter.

(b) "Documents" shall mean records produced for inspection in any form in this matter including, without limitation, printed matter, electronic media or physical things.

(c) "Requesting Party" shall mean the party to this lawsuit seeking or receiving disclosure of information in response to required disclosures, written discovery, requests for admission, deposition questions or otherwise.

(d) "Proprietary Information" shall mean trade secret or other proprietary or confidential Documents which, if disclosed to another could result in injury or harm to a party's business or personal interests including, but not limited to, business, accounting, sales, marketing, and employment records, training procedures, licenses, agreements and contracts, investor information, trade data and research and development documents, customer lists, and computer software programs in source code or object code. The term "Proprietary Information" shall also include "Nonpublic Personal Information", which for purposes of this Order shall mean: (1) any identifying information which identifies the subject loan file and related credit and financial information for a given person, including name, address, Social Security number, loan number, telephone number, place or position of work or any other identifying information; and (2) any credit history, report or score obtained on an individual to determine the individual's eligibility for credit. Such Nonpublic Personal Information, without more, is hereby designated as protected confidential information, and is further protected by the terms of this Stipulation and Order. The parties understand and recognize that there are various obligations relating to the disclosure of Nonpublic Personal Information arising from various laws, including the Gramm Leach Bliley Act, 15 U.S.C. § 6802, et seq. and the Fair Credit Reporting Act, 15 U.S.C.§ 1681 et seq. Proprietary Information shall be of two types:

(i) "Confidential" information shall mean Proprietary Information the

disclosure of which shall be restricted to the Requesting Party and its Counsel. Confidential information shall not be disclosed to any third party, except as expressly provided herein.

(ii) "Confidential – Attorney's Eyes Only" shall mean Proprietary Information the disclosure of which shall be restricted to Counsel for the Requesting Party or to any third party, except as expressly provided herein. A party may designate material as "Confidential – Attorney's Eyes Only" after it makes a good faith determination that the material or information includes or constitutes Proprietary Information of a party which, if disclosed to another, could result in serious injury or harm to the party's business or personal interests, including but not limited to information relating to prices, business plans, present or future product designs, research and development, source code, marketing plans and forecasts, information relating to customers or other similar information of the most confidential nature.

(2) **Designations:**

(a) Documents and Responses to Written Discovery: Each interrogatory answer or portion thereof, each answer to requests for admission or portions thereof, and each page of a Document produced in this matter or portions thereof, which is deemed by a party or a third party to disclose Proprietary Information of that party shall be so identified by that party or third party with the name of the classifying party, followed by the appropriate classification as defined in paragraph 1.d.i or 1.d.ii above. The identity of

the classifying party need not be provided if it is indicated as a part of the production number (*e.g.*, "Plaintiff's document P00001") contained on the document. The identification and designation of Proprietary Information shall be made at the time when the answer to the interrogatory or the answer to the request for admission is served and when a copy of the Document is provided to the Requesting Party.

(b) Document Production Presumptions: The parties recognize that in some instances it may not be possible to identify or designate specific Documents containing Proprietary Information prior to production due to the volume of Documents and/or the legitimate desire of a party not to mark its original records. As such, all Documents produced shall be presumed to have been marked "Confidential-Attorney's Eyes Only" for a period of fourteen days. If after fourteen days, the producing party has not given an indication that a previously unmarked Document contains Proprietary Information, all such presumptions shall expire.

(c) Depositions: For depositions, the entire testimony or portions thereof believed by the disclosing party or third party to contain Proprietary Information should be so designated at the time such testimony is given and shall be treated as such according to the terms of this Order. Separate volumes of transcripts shall be prepared and prominently marked as "nonconfidential," "Confidential," and "Confidential-Attorney's Eyes Only," but shall be continuously paginated in the same order as testimony was taken at the deposition.

(d) Belated Designation: Notwithstanding the obligations to timely designate Proprietary Information under the foregoing paragraphs 2.a, 2.b and 2.c, nothing contained herein shall preclude a party or a third party from later changing that designation and notifying the other party in writing of that change; provided, however, that it shall not be deemed a breach of this Order for any action to have been taken by the Requesting Party or its Counsel with respect to such information and consistent with the original designation of such information prior to receipt of such notice.

(3) **Non-use:** All Proprietary Information shall be used by any receiving party only for purposes of the prosecution and defense of *Spann v. PNC Bank N.A.., et al.*, Case No. CV-06-768-GL, in the United States District Court for the Western District of Pennsylvania. No receiving party shall introduce or seek to introduce any Proprietary Information in any other litigation.

(4) **Obligations of Counsel:** It shall be the responsibility of Counsel for the respective parties herein to ensure strict compliance with the provisions of this Protective Order in their dealings with Proprietary Information, and it shall be the responsibility of Counsel to take reasonable and proper steps to ensure that this Protective Order and all provisions thereof are made known to any person who shall examine Proprietary Information as provided herein. All Proprietary Information, including any and all copies thereof, shall be kept by Counsel in a place appropriately safe, given its status. Proprietary Information may be disclosed to third parties only to the extent necessary for conducting this litigation, only when such disclosure is preceded by a copy of this Order, and only as follows:

(a) Experts: Proprietary Information may be disclosed to testifying or non-testifying experts utilized for purposes of this litigation. Disclosure of Proprietary Information to experts shall be made only after each such expert has read this Order and consented in writing to be bound by the provisions thereof as indicated by execution of the Acknowledgment attached hereto as Exhibit "A". Any such Acknowledgment shall be produced by Counsel at the time of the expert disclosures. Such production shall occur regardless of whether the expert is designated as testifying or non-testifying.

(b) Third Parties: Proprietary Information may be disclosed to other persons not authorized by this Protective Order only with the mutual agreement in writing

between Counsel for the party producing the Proprietary Information and Counsel for the Party which wishes to disclose it to a third party, in advance of any disclosure to such person and only upon execution of the Acknowledgment attached hereto as Exhibit "A". Consent to the disclosure of the Proprietary Information to a third party as contemplated by this paragraph shall not be unreasonably withheld. In the event Proprietary Information is requested via subpoena or other compulsory process, the party receiving the subpoena or compulsory process shall notify the party that produced the information at least ten (10) business days prior to any production so the party may seek appropriate relief.

(5)     **Pleadings:** In the event that any party receiving Proprietary Information wishes to file any materials with the Court that includes Proprietary Information, that party shall notify the designating party in writing at least ten (10) days prior to filing such Proprietary Information to enable the designating party to take whatever steps it deems appropriate to protect the Proprietary Information. Nothing herein shall preclude any party from asking the Court to enter an Order sealing a pleading, brief, or memorandum which refers to Proprietary Information or any pleading, brief or memorandum to which any Proprietary Information is attached as an exhibit.

(6)     **Conclusion of the Litigation:** After entry of a final judgment or dismissal with prejudice in this litigation (including appeals or petitions for review) finally disposing of all issues raised in this litigation, Counsel and all other persons having possession or control of another party's Proprietary Information thereof shall, within thirty (30) days of the conclusion of the litigation, either (a) return all Proprietary Information and any copies thereof to the appropriate Counsel who produced the Proprietary Information upon request of the producing

party; or (b) destroy such Proprietary Information and all copies to the extent that it contains or is contained in any notes, summaries, digests, synopses or other document added by counsel or any other person after production and each party shall give written notice of such destruction to all Counsel. Counsel shall also provide the opposing party with the originals of all acknowledgment forms executed by consultants or other persons pursuant to paragraphs 4.a and 4.b.

(7) **Contested Designations:** A party shall not be obligated to challenge the propriety of designating any Proprietary Information at the time such designation is made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that a party disagrees at any stage of these proceedings with the designation by the supplying party of any information as "Confidential" or "Confidential-Attorney's Eyes Only," the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court. The parties may by stipulation provide for exceptions to this Order and any party may seek an order of this Court modifying this Protective Order. This Order shall be without prejudice to either party to bring before the Court at any time the question of whether any particular information is or is not, in fact, Proprietary Information. While Proprietary Information shall remain under the protection of this Order until otherwise ordered by the Court, in considering the issue nothing shall be regarded by the Court as Proprietary Information protected hereunder if it is demonstrated that such information either:

    (a)    is in the public domain at the time of disclosure;

    (b)    becomes part of the public domain through no fault of the Requesting Party or third parties who are in breach of any obligations to the producing party;

(c) is information the Requesting Party can show was in its possession at the time of disclosure; or

(d) is information the Requesting Party receives at a later date from a third party properly and rightfully in possession of said information, and not as a result of any breach of confidentiality, and properly and rightfully authorized to make disclosure without restriction as to disclosure.

(8) **Non-waiver:** The production of Documents by a party under the terms of this Order and in response to a request by opposing party shall not be construed to mean that the party producing the Document has waived any objection to the production, relevancy or admissibility of said document. Nothing contained herein shall preclude any party from opposing any discovery on any basis.

(9) **Inadvertent Production:** Inadvertent production of documents subject to work-product immunity or the attorney-client privilege shall not constitute a waiver of the immunity or privilege, provided that the producing party promptly notifies the receiving party in writing of such inadvertent production after the producing party learns of such inadvertent production. If prompt notification is made and the producing party establishes the circumstances surrounding the documents' inadvertent production, such inadvertently produced documents and all copies thereof shall be returned to the producing party or destroyed, upon written request. No use shall be made of such documents during deposition or at trial, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy them. If, after conferring, the parties are unable to reach a satisfactory agreement within five (5) business days of receipt of the written request to return or destroy them, the producing party may move the Court regarding

the matter within ten (10) business days after conferring. The receiving party shall not disclose the documents for which the belated claim of immunity or privilege is being made to any person, other than those persons who have had them in their possession prior to the receipt of notification from the producing party until the expiration of the ten (10) day period identified in this paragraph or, if a motion to the Court is submitted, until disposition of that motion. Following expiration of the ten (10) day term following conferral, nothing in this Protective Order shall preclude either party from moving the Court for return or destruction of all discovered, inadvertently produced work product immunity or attorney-client privileged documents.

(10) **Trial Procedures:** The parties agree to jointly request that the Court implement appropriate procedures to protect Proprietary Information which may be disclosed at the trial or any hearing in this matter consistent with the spirit and scope of this Order.

(11) **Modification:** Stipulations may be made, between Counsel for the respective parties, as to the application of this Order to specific situations (*e.g.*, documents which are so voluminous that it would be overly burdensome to mark each page thereof individually) provided that such stipulations are recorded in writing or contained in the record of any oral proceeding. Nothing contained herein shall preclude any party from seeking an order of the Court modifying or supplementing this Order.

(12) **Interim Effect:** This Protective Order shall be submitted to the Court for approval and, following approval, shall continue in effect until further order of this Court. For the purpose of proceedings with discovery without delay, pending the Court's approval of this Order, any Proprietary Information produced under the terms of this Order shall be protected by the parties under the terms of this Stipulated Protective Order.

(13)     **Judicial Process and Court Order.** The Parties understand that the Fair Credit Reporting Act strictly limits the uses to which consumer reports (such as credit reports, histories and scores from credit bureaus) can be put and the reasons for which such information may be obtained. The entry of this Order shall be deemed the requisite judicial process to facilitate the production of Nonpublic Personal Information under any law protecting such information, including the Gramm Leach Bliley Act and the Fair Credit Reporting Act, to the extent such information is relevant, responsive, and otherwise non-privileged.

(14)     **Term.** The obligations of this Protective Order shall survive for as long as any party is in possession or control of information subject to this agreement.

(15)     **Retention of Jurisdiction.** The Court shall retain jurisdiction over this matter to enforce this protective order for as long as any party is in possession or control of information subject to this agreement.


Respectfully Presented by:

/s/ Jason A. Spak
Thomas L. Allen, PA33243
Roy W. Arnold, PA70544
John M. McIntyre, PA78739
Jason A. Spak, PA89077
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, Pennsylvania 15219-1886
(412) 288-5724
jspak@reedsmith.com

*Attorneys for Defendants Homecomings Financial Network and Residential Funding Corp.*

/s/ Wendy Kloner

Wendy Kloner, Esquire
Federal Deposit Insurance Corporation
3501 Fairfax Drive
Room D7118
Arlington, VA 22226

*Attorney for Defendant Federal Deposit Insurance Corp.*

/s/ Thomas E. Soule

Thomas E. Soule
Edelman, Combs, Latturner & Goodwin
120 South LaSalle Street, 18th Floor
Chicago, IL 60603
(312) 739-4200
ccombs@edcombs.com

*Attorney for the Plaintiffs*

BY THE COURT

_____ J.
10/14/08

- 8 -

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHANIE SPANN, *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civil Action No: 06-768 |
| PNC BANK, N.A. *et al.*, | ) ) Hon. Gary L. Lancaster |
| Defendants. | ) ) ) |

## ACKNOWLEDGEMENT AND CONFIDENTIALITY AGREEMENT

I acknowledge that I have read and that I understand the Stipulation and Protective Order entered in this action and hereby agree to abide by its terms and conditions. I also understand that any violation of the Order by me or anyone acting under my direction may subject me to penalties for contempt of Court.

Date:_____

_____
Signature

_____
Address